UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-200-FDW
(3:03-cr-181-FDW)

| | |
|---|---|
| GARY DEAN WHITE, ) ) | |
| Petitioner, ) ) | |
| vs. ) ) | **ORDER** |
| UNITED STATES OF AMERICA, ) ) | |
| Respondent. ) ) | |

**THIS MATTER** is before the Court on Petitioner Gary Dean White's habeas corpus petition, brought pursuant to 28 U.S.C. § 2241, (Doc. No. 1), and on the Government's Motion to Dismiss, (Doc. No. 8).[1] The Government argues in its motion to dismiss that the petition should be dismissed because Petitioner's life sentence has been commuted to 240 months' imprisonment, and his petition seeking sentencing relief is now moot.[2] For the following reasons, the Court agrees and grants the motion to dismiss.

Petitioner seeks sentencing relief based on the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Because Petitioner challenges the application of a mandatory minimum sentence and seeks relief under 28 U.S.C. § 2241, this Court held this action in abeyance pending the Fourth Circuit's decision in Surratt v. United States, Fourth Circuit No. 14-6851. The issue presented in Surratt was whether sentencing relief under 28

---

[1] Petitioner, who is represented by the Federal Defenders of Western North Carolina, did not file a response to the motion and the time to do so has passed.
[2] Petitioner has stated through counsel in pleadings in this Court that Petitioner's sentence is set to expire on October 16, 2022. (Doc. No. 6 at ¶ 4).

1

U.S.C. § 2241 and the savings clause of 28 U.S.C. § 2255(e) is available for a defendant whose sentence was increased based on a mandatory minimum term of imprisonment that <u>Simmons</u> established should not have been applied. After the Fourth Circuit heard oral argument en banc, Surratt's sentence was commuted, and the Fourth Circuit dismissed his appeal as moot.

Surratt sought a writ of certiorari from the Supreme Court, arguing that the Fourth Circuit erred when it dismissed Surratt's appeal as moot. Petitioner agreed to hold this case in abeyance pending Surratt's certiorari petition, acknowledging that the outcome of Surratt's appeal "is directly related to the issues pending in [Petitioner's] case as well." The Supreme Court denied Surratt's petition on December 11, 2017.

Here, like Surratt's claim for sentencing relief, Petitioner's <u>Simmons</u> claim is moot because he is now serving a presidentially commuted sentence, not a judicially imposed sentence. <u>See</u> <u>United States v. Surratt</u>, 855 F.3d 218, 219 (4th Cir. 2017) (Wilkinson, J., concurring in the dismissal of Surratt's appeal as moot). This Court will, therefore, dismiss Petitioner's petition as moot.

**IT IS, THEREFORE, ORDERED that:**

1. The Government's Motion to Dismiss, (Doc. No. 8), is **GRANTED**, and this action is dismissed as moot.

2. The Clerk is directed to terminate the case.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: February 26, 2018

Frank D. Whitney
Chief United States District Judge